IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CURTIS L. BUSH,<br><br>        Plaintiff,<br><br>vs.<br><br>MAPES CANOPIES, LLC,<br><br>        Defendant. | **4:17CV3135**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on October 10, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 11.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against his former employer Mapes Canopies, LLC ("Defendant"), which employed Plaintiff from June 2013 to March 2016. Plaintiff alleges that Defendant discriminated against him on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Nebraska Age Discrimination in Employment Act ("NADEA"), NEB. REV. STAT. §§ 48-1001-1010; and on the bases of race, color, and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Nebraska Fair Employment Practice Act ("NFEPA"), NEB. REV. STAT. §§ 48-1101-1126. Liberally construed, Plaintiff also asserts state law claims of slander and intentional infliction of emotional distress.

Plaintiff is a 43-year-old black man who began working for the Defendant as a production worker before assuming the duties of assistant supervisor in August 2015. (Filing No. 1 at CM/ECF pp.1, 4.) Plaintiff alleges he was harassed by other

employees who called him racial slurs and disparaged his Christian faith whenever Plaintiff chose to listen to Christian music on the jobsite. Plaintiff alleges he complained to his supervisor and management about the employees' behavior but "nothing ever became of it." (*Id*. at CM/ECF p.4.) Plaintiff also claims that he was subjected to different terms and conditions of employment because he received a lesser raise at the time he assumed assistant supervisor duties than did the white, lesser-experienced man who replaced Plaintiff after his termination.

Plaintiff states that he was suspended for three days in February 2016 after he complained to management that a white employee had called him a racial slur and the employee denied it. Plaintiff alleges that management determined the problems stemmed from Plaintiff's choice of music and restricted employees from playing their personal music in their work areas, but permitted employees to listen to the radio. Plaintiff found a Christian music station on the radio and again was harassed by other employees for listening to it. Plaintiff complained to his supervisors and, as a result, employees were permitted to listen to only two radio stations, neither of which played Christian music. Shortly thereafter, on March 26, 2016, Plaintiff was terminated from his employment even though his job performance was satisfactory.

As a result of the discrimination and harassment by Defendant, Plaintiff alleges that he suffered great stress and depression, leading him to abuse alcohol "which is the cause of his imprisonment." (*Id*. at CM/ECF p.2.) For relief, Plaintiff seeks $1,500,000.00 in damages.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff has alleged claims of harassment, discrimination, and retaliation based on age, race, and religion under both federal and Nebraska law. The Complaint, however, fails to allege that Plaintiff has exhausted his administrative remedies as required.

**A. Exhaustion of Administrative Remedies**

Both Title VII and the ADEA require a plaintiff to exhaust his administrative remedies by first seeking relief through the Nebraska Equal Opportunity Commission ("NEOC") or the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 2000e-5(f)(1)

(Title VII). The NEOC/EEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the NEOC/EEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge.[1] 29 U.S.C. § 626(e); 42 U.S.C.A. § 2000e-5(f)(1); *see also Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995) (failure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff has not filed a copy of his right-to-sue notice nor has he set forth the date on which he received a right-to-sue notice from the NEOC and/or EEOC with respect to his charge of discrimination. Thus, the court cannot determine whether Plaintiff has exhausted his administrative remedies and filed suit in a timely manner. On the court's own motion, the court will permit Plaintiff 30 days in which to file a copy of his right-to-sue notice with the court. In the alternative, Plaintiff may amend his complaint to allege whether he exhausted his administrative remedies with the EEOC/NEOC and, if so, the date on which he received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, he must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

---

[1] The NFEPA similarly provides that "[t]he deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the [NEOC] will take on the complaint or charge." NEB. REV. STAT. § 48-1120.01.

4

## B. State Law Claims

Liberally construed, Plaintiff asserts state law claims for slander and intentional infliction of emotional distress. Pending proof regarding Plaintiff's right-to-sue notice or amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to file a copy of any right-to-sue notice received from the NEOC/EEOC. In the alternative, Plaintiff may amend his complaint within 30 days to allege whether he exhausted his administrative remedies with the EEOC/NEOC and, if so, the date on which he received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, he must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

4. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **May 29, 2018**: Check for Plaintiff's amended complaint and response.

Dated this 26th day of April, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge